Muhammad Asfandyar, Esq. (CA SBN : 363217)
asfandyar@musaev.com
Musaev & Associates, PC
409 N Camden Dr., Suite 108
Beverly Hills, CA 90210
tel: (424) 269-8840

*Attorney for Petitioner*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Gurvinder Singh,<br><br>Petitioner,<br><br>v.<br><br>James Janecka; Warden, Adelanto ICE Processing Center, Thomas P. Giles; Field Office Director, Los Angeles Field Office, U.S. Immigration and Customs Enforcement; David Venturella, Acting Director, U.S. Immigration and Customs Enforcement; Markwayne Mullin, Secretary of Homeland Security; and Todd Blanche, Attorney General of the United States,<br><br>Respondents. | CASE No. ___________________<br><br>**PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241** |

**INTRODUCTION**

1. Petitioner Gurvinder Singh, a citizen of India, seeks a writ of habeas corpus under 28 U.S.C. § 2241 to end his confinement by U.S. Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center in San Bernardino County, California. ICE took him into custody on October 2, 2026, when he answered a call to report to his supervision office in Chatsworth, California. He has no criminal record.

2. The Government decided more than four years ago that Petitioner should be at liberty. In March 2022, the Border Patrol agent who processed him recorded that he "does not appear to be a threat to national security, border security, or public safety." Declaration of Muhammad Asfandyar ("Asfandyar Decl.") ¶ 5, Ex. A. ICE then released him by an Order of Release on Recognizance issued "[i]n accordance with section 236 of the Immigration and Nationality Act," on conditions that included electronic monitoring. *Id.* ¶ 7, Ex. C. For approximately four and one-half years Petitioner lived in California, wore the ankle monitor ICE required, and checked in as directed. *Id.* ¶¶ 8-9.

3. Nothing about Petitioner's conduct changed. On September 10, 2026, an Immigration Judge denied his applications for protection and ordered him removed to India. Petitioner appealed. The Board of Immigration Appeals (the "Board") received his appeal on September 30, 2026, well before the October 13, 2026 deadline, and the appeal is pending. *Id.* ¶¶ 12-13, Exs. E, F. Petitioner kept reporting. He checked in on September 22 and September 30, 2026, and on September 30 he showed the officer the documents reflecting the filing of his appeal and emailed them at the officer's request. *Id.* ¶¶ 14-15. Two days later he was called back to the office, told that the system did not show any appeal, and arrested that day. *Id.* ¶ 16.

4. Four days after that, ICE officers took Petitioner and other detainees to a separate place, questioned him about his travel documents and his parents, told him that his removal is final and that ICE is preparing travel documents for his removal to India if he does not have a passport, and asked him to sign a document he did not understand. He refused to sign it

without his attorney. *Id.* ¶¶ 19-23. His removal order is not final, and it may not be executed while his appeal is pending. 8 C.F.R. §§ 1003.6(a), 1241.1(a).

5. Petitioner seeks his release. The Due Process Clause does not permit the Government to revoke, without notice, without a hearing, and without any change in circumstances, a release that it granted and under which Petitioner reported as required for four and one-half years. Nor does it permit civil detention that serves neither of the only two purposes such detention may serve. Each of those violations entitles Petitioner to release on the conditions under which he lived until October 2, 2026. Only if the Court declines to order his release does Petitioner ask, in the alternative, for a prompt bond hearing at which the Government bears the burden of justifying his detention by clear and convincing evidence. In either event, he asks the Court to bar his transfer outside this District and his removal from the United States while this Petition is pending, so that the Court may grant effective relief.

6. Petitioner is in the physical custody of Respondents at the Adelanto ICE Processing Center, 10250 Rancho Road, Adelanto, California 92301. Asfandyar Decl. ¶ 18, Ex. G. He is under the direct control of Respondents and their agents.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 2241(c)(3), because Petitioner is in custody in violation of the Constitution and laws of the United States, and under 28 U.S.C. § 1331, Article I, § 9, cl. 2 of the Constitution, the All-Writs Act, 28 U.S.C. § 1651, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. Habeas corpus is available to challenge the lawfulness of immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Demore v. Kim*, 538 U.S. 510, 516-17 (2003).

8. Each claim in this Petition asserts that Petitioner's present confinement is itself unlawful, so that release is the remedy the law requires. Each is therefore a core habeas claim. *See Pinson v. Carvajal*, 69 F.4th 1059 (9th Cir. 2023). Petitioner does not challenge the conditions of his confinement, and he does not ask this Court to review the merits of the Immigration Judge's decision, which is before the Board.

9. No statutory provision bars review. Section 1226(e) does not preclude challenges to the constitutionality or the statutory basis of detention. *Demore*, 538 U.S. at 516-17; *Jennings v. Rodriguez*, 583 U.S. 281, 295-96 (2018) (plurality opinion). Section 1252(g) "applies only to three discrete actions," the decision or action to "commence proceedings, adjudicate cases, or execute removal orders," *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482 (1999), and it does not bar claims that the Government lacks legal authority to act. *Ibarra-Perez v. United States*, 154 F.4th 989, 996-97 (9th Cir. 2025). Section 1252(b)(9) does not reach challenges to detention. *Jennings*, 583 U.S. at 292-95 (plurality opinion). And § 1252(f)(1) does not limit relief on behalf of an individual noncitizen. *Garland v. Aleman Gonzalez*, 596 U.S. 543, 550-51 (2022).

10. Venue is proper in this District under 28 U.S.C. § 2241(a) and 28 U.S.C. § 1391(e) because Petitioner is confined in this District and his immediate custodian is here. A core habeas petition must be filed in the district of confinement and must name the immediate custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 443 (2004); *Doe v. Garland*, 109 F.4th 1188 (9th Cir. 2024). Adelanto is in San Bernardino County, within the Eastern Division of this District. This Petition is an immigration habeas petition governed by this Court's General Order No. 26-05.

**<u>PARTIES</u>**

11. Petitioner Gurvinder Singh is a citizen and national of India, born in 1998, Alien Registration Number A 240-264-726. He is confined at the Adelanto ICE Processing Center. Asfandyar Decl. ¶¶ 4, 18.

12. Respondent James JaneckaWarden of the Adelanto ICE Processing Center is the official who has day-to-day control over the facility where Petitioner is confined. The Warden is Petitioner's immediate custodian and a proper respondent to this Petition. The Warden is sued in his or her official capacity.

13. Respondent Thomas P. Giles is the Field Office Director of the Los Angeles Field Office of ICE Enforcement and Removal Operations is responsible for ICE's detention and

removal operations in the area that includes Adelanto, and is named so that complete relief may be afforded. The Field Office Director is sued in his or her official capacity.

14. Respondent David Venturella is the Acting Director of U.S. Immigration and Customs Enforcement and is legally responsible for ICE's detention of Petitioner and for any effort to remove him. He is sued in his official capacity.

15. Respondent Markwayne Mullin is the Secretary of Homeland Security and is charged with the administration and enforcement of the immigration laws. 8 U.S.C. § 1103(a). He is sued in his official capacity.

16. Respondent Todd Blanche is the Attorney General of the United States and oversees the Executive Office for Immigration Review, which administers the immigration courts and the Board. 8 U.S.C. § 1103(g). He is sued in his official capacity.

## **<u>EXHAUSTION</u>**

17. No statute requires exhaustion before a noncitizen challenges the lawfulness of his detention under § 2241. Any exhaustion requirement is prudential, and it may be excused where administrative remedies are inadequate or not efficacious, where pursuing them would be futile, or where irreparable injury would result. *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

18. The exceptions apply. Petitioner's claims arise under the Fifth Amendment, and neither an Immigration Judge nor the Board may rule on the constitutionality of the governing statutes and regulations. *Matter of C-*, 20 I. & N. Dec. 529, 532 (BIA 1992). The violation alleged here, the revocation of Petitioner's release without any process, cannot be cured by a custody hearing held after the fact. Each day of unlawful confinement is an irreparable injury that no later administrative ruling can undo, an injury made more urgent by Respondents' statements that they are preparing travel documents for Petitioner's removal while his appeal is pending. Asfandyar Decl. ¶¶ 19-26. And the Board continues to hold that Immigration Judges lack authority to hear bond requests from noncitizens present without admission, *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 225 (BIA 2025); *Matter*

*of N-A-G-C-*, 29 I. & N. Dec. 662 (BIA 2026), a holding Respondents will contend reaches Petitioner because of his apprehension near the border in 2022.

## LEGAL FRAMEWORK

### *A. The Due Process Clause Protects Petitioner Against Arbitrary Confinement.*

19. The Due Process Clause applies to "all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. "Freedom from imprisonment . . . lies at the heart of the liberty that Clause protects." *Id.* at 690. "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Noncitizens who entered without inspection and are found away from the border well after their arrival are protected by these guarantees. *Padilla v. U.S. Immigration & Customs Enforcement*, No. 24-2801, slip op. at 45 (9th Cir. Sept. 21, 2026).

### *B. Release Creates a Protected Liberty Interest That May Not Be Revoked Without Due Process.*

20. A person released from custody on conditions acquires a liberty interest in remaining free. The liberty of a parolee, "although indeterminate, includes many of the core values of unqualified liberty," and its termination "calls for some orderly process, however informal." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *see Young v. Harper*, 520 U.S. 143, 147-49 (1997) (same for participant in preparole program who "kept his own residence" and "sought, obtained, and maintained a job"). "[T]he Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). What process is due turns on the private interest at stake, the risk of an erroneous deprivation and the value of additional safeguards, and the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). "Due process always requires, at a minimum, notice and an opportunity to respond." *Saravia for A.H. v. Sessions*, 905 F.3d 1137, 1144 (9th Cir. 2018).

21. Applying these principles, courts in this District and elsewhere in California have held that a noncitizen whom immigration authorities released "has a protected liberty interest in remaining out of custody absent a showing that he poses a risk of flight or danger," and have ordered the release of noncitizens re-detained without notice or a pre-deprivation hearing. *Mody v. Warden*, No. 5:25-cv-03400-FMO (RAO), Dkt. 13 at 9, 13 (C.D. Cal. Jan. 5, 2026); *Mumaev v. Semaia*, No. 5:25-cv-03409-FLA (MAR), Dkt. 13 at 10, 13 (C.D. Cal. Feb. 20, 2026); *Bekhoev v. Marin*, No. 5:26-cv-00206-RAO, Dkt. 25 at 7, 10-12 (C.D. Cal. Apr. 28, 2026); *Amit v. Casey*, No. 3:25-cv-03855-JLS (BLM), Dkt. 8 at 3-5, 7 (S.D. Cal. Jan. 13, 2026); *Harmeet S. v. Albarran*, No. 1:26-cv-00183-TLN-DMC, Dkt. 4 at 4, 7 (E.D. Cal. Jan. 12, 2026).

***C. Detention During Removal Proceedings.***

22. Section 1226(a) of Title 8 authorizes the arrest and detention of a noncitizen pending a decision on whether he is to be removed, and permits his release on bond or "conditional parole." 8 U.S.C. § 1226(a)(1)-(2). Release on recognizance under § 1226(a) is distinct from humanitarian parole under 8 U.S.C. § 1182(d)(5)(A). *See Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1116 (9th Cir. 2007). Detention remains governed by § 1226(a), rather than by the post-order provisions of 8 U.S.C. § 1231, until the removal order becomes administratively final. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057-59, 1062 (9th Cir. 2008). An Immigration Judge's order becomes final upon the Board's dismissal of an appeal, 8 C.F.R. § 1241.1(a), and the decision may not be executed "while an appeal is pending." 8 C.F.R. § 1003.6(a).

23. The Ninth Circuit has held that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, No. 25-6842, slip op. at 10 (9th Cir. July 30, 2026). The phrase "seeking admission" in § 1225(b)(2)(A) "most naturally refers to a particular point in time," and a noncitizen present in the interior does not remain "in the perpetual state of seeking admission." *Id.* at 37.

## FACTUAL ALLEGATIONS

### A. *Border Patrol Recorded That Petitioner Did Not Appear to Be a Threat, and ICE Released Him.*

24. On March 18, 2022, Petitioner entered the United States near San Luis, Arizona, and was taken into custody by U.S. Border Patrol the same day. Asfandyar Decl. ¶ 5. On March 22, 2022, Border Patrol prepared a Form I-213, Record of Deportable/Inadmissible Alien. The Form I-213 records Petitioner's criminal record as "None Known," states that he "does not have any immigration or criminal charges that would warrant criminal prosecution," and records the processing agent's finding that he "does not appear to be a threat to national security, border security, or public safety." *Id.*, Ex. A. It records that Petitioner was processed for a warrant of arrest and notice to appear and was served with Forms I-200, I-220A, I-286, and I-862. *Id.*

25. Petitioner nonetheless remained in immigration detention for nearly three weeks, from March 18, 2022 until April 6, 2022, during which he was transferred between facilities and booked by ICE into the Wyatt Detention Facility in Central Falls, Rhode Island. *Id.* ¶ 6, Ex. B.

26. ICE then released Petitioner by an Order of Release on Recognizance dated April 5, 2022, issued "[i]n accordance with section 236 of the Immigration and Nationality Act." *Id.* ¶ 7, Ex. C. The order required him to report for hearings and interviews, to report to the ICE office at 300 North Los Angeles Street in Los Angeles, not to change his residence without permission, to assist ICE in obtaining any necessary travel documents, and to enroll and participate in an Alternatives to Detention program under which he was subject to electronic monitoring. *Id.*

### B. *Petitioner Complied for Four and One-Half Years.*

27. Petitioner reported to ICE as his release order required; the order's personal report record bears officer-initialed entries in April, May, and November 2022. *Id.* ¶ 8, Ex. C. From April 2022 until October 2, 2026, he lived in California, most recently in Reseda, wore an ankle

monitor, and checked in regularly under ICE's Intensive Supervision Appearance Program ("ISAP") at its office in Chatsworth, California. *Id.* ¶ 9.

28. Petitioner has no criminal record, and he has never been charged with or convicted of any criminal offense in the United States. *Id.* ¶¶ 5, 10, Ex. A.

29. On March 6, 2023, within one year of his arrival, Petitioner filed his application for asylum, withholding of removal, and protection under the Convention Against Torture. On the basis of that application, U.S. Citizenship and Immigration Services granted him employment authorization valid through October 11, 2028. *Id.* ¶ 11, Ex. D.

***C. The Immigration Judge's Decision Is on Appeal and Is Not Final.***

30. On September 10, 2026, the Immigration Judge denied Petitioner's applications and ordered him removed to India. Petitioner reserved appeal, and the order records that his appeal was due on October 13, 2026. *Id.* ¶ 12, Ex. E. The Board received his appeal on September 30, 2026. The Executive Office for Immigration Review's Automated Case Information system reflects that the appeal "is currently pending" and that no brief due date exists at this time. *Id.* ¶ 13, Ex. F.

***D. ICE Revoked Petitioner's Release at a Check-In.***

31. Petitioner continued to report after the Immigration Judge's decision. He checked in at the ISAP office on September 22 and September 30, 2026, and his next check-in was scheduled for October 7, 2026. *Id.* ¶ 14. On September 30, he showed the ISAP officer the documents reflecting the filing of his appeal; the officer asked him to email them, and he did. *Id.* ¶ 15.

32. On October 2, 2026, five days before his scheduled check-in, Petitioner was called back to the ISAP office, and he reported as directed. He was told that the system did not show any appeal. The officer was told that it takes a few days for the Board to accept an appeal, but disregarded that explanation, and Petitioner was arrested and taken into ICE custody that day. *Id.* ¶ 16. The records available to counsel reflect no written notice of revocation and no hearing before a neutral decisionmaker before his arrest. When he was arrested, eleven days remained before his appeal deadline, and the Board had already received his appeal. *Id.* ¶ 17, Exs. E, F.

33. Petitioner is now confined at the Adelanto ICE Processing Center. *Id.* ¶ 18, Ex. G.

### *E. Respondents Are Preparing to Remove Petitioner While His Appeal Is Pending.*

34. On October 6, 2026, ICE officers took Petitioner, along with other detainees, to a separate place and questioned him. They asked about his travel documents; Petitioner told them that he does not know where they are and that they are most probably with ICE. They asked the names of his mother and father, which he gave correctly, although he did not remember their dates of birth. They told him that his removal is final and that ICE is preparing travel documents for his removal to India if he does not have a passport. They then asked him to sign a document. Petitioner refused to sign it in the absence of his attorney, because he did not understand its contents and because his attorney should see any such document before he signs it. *Id.* ¶¶ 19-23.

35. The officers' statement that Petitioner's removal is final was not correct. *Id.* ¶ 24, Ex. F; 8 C.F.R. §§ 1003.6(a), 1241.1(a). The Department of Homeland Security's own records already contain Petitioner's passport information and his parents' names, and its file contains copies of pages of his Indian passport. Asfandyar Decl. ¶ 25, Exs. A, H.

## CLAIMS FOR RELIEF

Petitioner incorporates the preceding paragraphs into each claim. The First and Second Claims each independently entitle him to release; the Third is pleaded in the alternative.

## FIRST CLAIM FOR RELIEF

### *Fifth Amendment, Procedural Due Process: Revocation of Release and Re-Detention Without Notice, a Hearing, or Changed Circumstances*

36. Having released Petitioner and left him at liberty under its conditions for four and one-half years, Respondents could not revoke that liberty without notice and a hearing. *Morrissey*, 408 U.S. at 482; *Zinermon*, 494 U.S. at 127; *Mody*, Dkt. 13 at 9. Each *Mathews* factor confirms it: Petitioner's interest is freedom from confinement; the risk of error is proven here, because the stated basis for his arrest, that the system did not show his appeal, was

wrong, Asfandyar Decl. ¶¶ 15-17, Ex. F; and the Government had no need to act summarily against a monitored person who reported whenever called.

37. Petitioner was arrested at the check-in to which he had been called, and the records available to counsel reflect no notice, no hearing before a neutral decisionmaker, and no finding of changed circumstances. A later bond hearing cannot cure that violation. *Bekhoev*, Dkt. 25 at 11; *Mumaev*, Dkt. 13 at 10-13. Petitioner is entitled to release on his prior conditions and to protection against re-detention absent written notice and a hearing before a neutral Immigration Judge at which the Government bears the burden by clear and convincing evidence.

## <u>SECOND CLAIM FOR RELIEF</u>

***Fifth Amendment, Substantive Due Process: Civil Detention That Serves No Legitimate Purpose***

38. Immigration detention is lawful only if it bears a reasonable relation to securing the noncitizen's appearance or protecting the community. *Jackson v. Indiana*, 406 U.S. 715, 738 (1972); *Zadvydas*, 533 U.S. at 690-91; *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017).

39. Petitioner's detention serves neither purpose. DHS recorded that he "does not appear to be a threat to national security, border security, or public safety"; he has no criminal record; and he reported under electronic monitoring for four and one-half years, including on the day of his arrest. Asfandyar Decl. ¶¶ 5, 8-10, 14-17, Ex. A. The detention is also arbitrary: it rests on a mistaken belief that no appeal was pending, and it is being used to carry out a removal the law forbids while the appeal is pending. *Id.* ¶¶ 16, 19-26; 8 C.F.R. § 1003.6(a); *County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998). Petitioner is entitled to release.

## <u>THIRD CLAIM FOR RELIEF (IN THE ALTERNATIVE)</u>

***8 U.S.C. § 1226(a) and the Fifth Amendment: Detention Without an Individualized Custody Determination***

40. Petitioner's detention is governed by § 1226(a). His removal order is not final, 8 C.F.R. § 1241.1(a); *Prieto-Romero*, 534 F.3d at 1057-59; DHS released him "[i]n accordance with

section 236," Asfandyar Decl. Ex. C; and his present detention arose from an arrest in the interior four and one-half years after his entry. *Rodriguez Vazquez*, slip op. at 10, 37. His 2022 border crossing, *see id.* at 44-45; *Matter of Q. Li*, 29 I. & N. Dec. 66, 69 n.4 (BIA 2025), does not change the statute governing a detention that began in the interior in 2026 after a release under section 236, and the grant of certiorari in *Rhoney v. Barbosa da Cunha*, No. 26-104 (U.S. Oct. 1, 2026), does not displace binding circuit precedent. *Yong v. INS*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000).

41. If the Court does not order release, Petitioner is therefore entitled, within seven days, to a hearing before a neutral Immigration Judge at which the Government must justify his detention by clear and convincing evidence and the Immigration Judge considers his ability to pay and alternatives to detention. 8 C.F.R. § 1236.1(d)(1); *Amit*, Dkt. 8 at 5-7; *Hernandez*, 872 F.3d at 990-91. *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), concerned a noncitizen who had already received a bond hearing, not the revocation of a release the Government had granted.

## PRAYER FOR RELIEF

Petitioner's primary request is his release. He respectfully requests that this Court:

a) Assume jurisdiction over this matter;

b) Issue a writ of habeas corpus and order Respondents to release Petitioner from custody immediately, on the conditions of his April 5, 2022 Order of Release on Recognizance and his supervision as they existed before October 2, 2026, without additional restrictions;

c) Declare that Respondents' revocation of Petitioner's release and his continued detention violate the Due Process Clause of the Fifth Amendment;

d) Enjoin Respondents from re-detaining Petitioner during the pendency of his removal proceedings, including his appeal to the Board of Immigration Appeals, unless they first provide written notice of the materially changed circumstances alleged to justify detention and a hearing before a neutral Immigration Judge at which the Government

bears the burden of proving, by clear and convincing evidence, that Petitioner poses a danger to the community or a flight risk that no condition of release can address;

e) Only if the Court declines to order Petitioner's release, order Respondents to provide Petitioner, within seven (7) days, a custody hearing before a neutral Immigration Judge under 8 U.S.C. § 1226(a) at which (i) the Government bears the burden of justifying continued detention by clear and convincing evidence, (ii) the Immigration Judge considers Petitioner's ability to pay and alternatives to detention, and (iii) the reasons for any continued detention are stated on the record; and order Petitioner's release if no such hearing is held within that time;

f) To preserve this Court's jurisdiction and its ability to grant effective relief, enjoin Respondents, during the pendency of this action, from transferring Petitioner outside the Central District of California and from removing him from the United States;

g) Order Respondents to file an answer within the time set by General Order No. 26-05 or as the Court directs, and retain jurisdiction to enforce its orders;

h) Award Petitioner his costs and reasonable attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

i) Grant such further relief as the Court deems just and proper.

Dated: October 7, 2026

Respectfully submitted,

*/s/ Muhammad Asfandyar*

Muhammad Asfandyar, Esq.
(CA SBN : 363217) Musaev &
Associates, PC
*Attorney for Petitioner*