UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURVINDER SINGH,<br>Petitioner,<br>v.<br>JAMES JANECKA, et al.,<br>Respondents. | Case No. 5:26-cv-05945-KES<br><br>ORDER GRANTING THE PETITION AND ORDERING PETITIONER'S RELEASE FROM CUSTODY |

## I. BACKGROUND

On October 7, 2026, Gurvinder Singh ("Petitioner") filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1), challenging Petitioner's detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). The parties have consented to the jurisdiction of the Magistrate Judge. (Dkt. 2.)[1]

[1] Although Respondents have not appeared in this case, under General Order 26-05, they are assumed to consent to the assigned Magistrate Judge unless they "file a notice of withdrawal of consent within 3 days of service of the petition, or within 24 hours of service if an application for a temporary restraining order accompanies the petition." (Dkt. 4 at 4.)

The Petition raises three claims: (1) Respondents violated Petitioner's procedural due process rights by revoking his prior release and re-detaining him without a pre-detention bond hearing (Pet. at 10-11); (2) Respondents are violating Petitioner's substantive due process rights by detaining him, because his detention serves no legitimate purpose (id. at 11); and (3) Respondents are violating 8 U.S.C. § 1226(a) and Petitioner's due process rights by detaining him without an individualized custody determination (id. at 11-12). The Petition seeks release from custody and an injunction preventing his future re-detention unless Respondents follow certain procedures. (id. at 12-13.)[2]

On October 8, 2026, the Court issued its Standing Order for § 2241 Immigration Petitions, which stated in relevant part:

> **Failing to file an answer by the due date—or filing an answer that fails to substantively respond to any claim in the petition—may result in the Court granting the petition or claim as unopposed.** … Based on conversations between leaders at the U.S. Attorney's Office and the district court, the Court understands that in some cases, the U.S. Attorney's Office intends to indicate its lack of opposition by filing neither a notice of appearance nor an answer. As a result, the Court will assume that the government's failure to file a timely notice of appearance and/or an answer was not inadvertent, and the Court will not sua sponte extend those deadlines.

(Dkt. 6.)

Respondents' notice of appearance was due by October 13, 2026. (Dkt. 4 (briefing schedule issued 10/08/26, requiring notice of appearance within 3

[2] Petitioner also applied for a temporary restraining order ("TRO"). (Dkt. 5.) The Court denied the application, finding that the expedited briefing schedule set for the underlying Petition was sufficient to address Petitioner's claims. (Dkt. 7.)

calendar days).) As of the date of this order, no notice of appearance has been filed.

## II. CONCLUSION

Based on the facts and law stated in the Petition, and in light of Respondents' lack of opposition, IT IS HEREBY ORDERED that:

1. Respondents shall **immediately release** Gurvinder Singh (A# 240-264-726) from custody.
2. If Respondents have not released Petitioner **within three days** of the date of this order, Petitioner may file a request for an order to show cause re contempt.
3. Respondents shall not re-detain Petitioner without providing Petitioner a pre-detention hearing before a neutral decisionmaker where Respondents bear the burden of demonstrating by clear and convincing evidence that (a) Petitioner is a flight risk or a danger such that Petitioner's physical custody is required, or (b) on account of changed circumstances, there is a significant likelihood that Petitioner may be removed in the reasonably foreseeable future.[3]

DATED: October 14, 2026

Karen E. Scott
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

[3] To the extent the Petition seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), Petitioner's counsel would need to file a post-judgment motion that complies with 28 U.S.C. § 2412(d)(1)(B).